UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-00027

UNITED STATES OF AMERICA
*ex rel.* MLE ENTERPRISES, INC., and
MLE ENTERPRISES, INC.                                                           PLAINTIFFS

v.

VANGUARD CONRACTORS, LLC, and
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA                                                             DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on a motion for summary judgment by Defendant Vanguard Contractors, LLC. (Def.'s Mot., Docket Number ("DN") 60.) The Plaintiff responded. (Pl.'s Resp., DN 69.) The Defendant replied. (Def.'s Reply, DN 70.) Fully briefed, this matter is now ripe for adjudication. Having considered the matter and being fully advised, the Defendant's motion is **GRANTED**.

### I.

Defendant Vanguard Contactors, LLC ("Vanguard"), served as the prime contractor on a construction project at Fort Sill, Oklahoma known as the Building 700 project. Vanguard hired Plaintiff MLE Enterprises, Inc. ("MLE"), as a subcontractor on the project. MLE claims that Vanguard owes it $187,794.34 for uncompensated work that was performed outside of and in addition to the subcontract.[1] (Compl., DN 1, ¶ 9.) MLE also seeks $156,996.07 in retainage allegedly withheld by Vanguard on the subcontract. (*Id.*) MLE brought this action to recover a

---

[1] Vanguard contests any claim that MLE performed work outside of and in addition to the subcontract. Resolving any ambiguities and drawing reasonable inferences against Vanguard, the Court assumes, but does not expressly find, that MLE performed extra-contractual work. Even in light of this favorable assumption, MLE cannot overcome Vanguard's motion for summary judgment because the evidence conclusively demonstrates that MLE has suffered no loss.

1

combined total of $344,790.41 on grounds that "Vanguard . . . breached the express and implied terms of its subcontract with MLE[.]  (*Id.* at ¶¶ 9, 11.)

Discovery in this action revealed three important evidentiary considerations.  First, MLE's claim for additional, uncompensated work is for $96,115.35, not $187.794.34.  Second, the retainage claim is for $140,513.31, not $156,996.07.  Third, MLE now admits that it did not credit Vanguard for $251,791.00 in "off contract" payments.

**1.**

Discovery first revealed that MLE's claim for work performed outside of and in addition to the subcontract is less than the amount alleged in the complaint.  The original claim was based on a proposed subcontract change order between MLE and Vanguard.[2]  (*See* Proposed Change Order, DN 60-3.)  In that proposal, MLE sought additional compensation for work performed by three of MLE's subcontractors in the following amounts: 1) Construction Building Specialties - $37,891.53; 2) MDC Drywall, Inc. - $127,370.00; and 3) ASPRO - $22,532.85.  (*Id.*)  In all, the work performed by these subcontractors totaled $187,794.37, the amount MLE now seeks to recover from Vanguard for the work performed outside of the subcontract.

In her deposition, MLE's owner, Mary Luttrell, admitted that the claim for the extra work was less than $187,794.37.  Specifically, Luttrell agreed to drop any portion of the claim for work performed by Construction Building Specialties.  (Luttrell Dep., DN 59, p. 5:1-14.)  Additionally, she agreed that MLE was only seeking $73,582.50 from Vanguard for work performed by MDC Drywall, not $127,370.00 as listed in the proposed change order.  (*Id.* at pp. 60:23-62:20.)  Finally, the evidence regarding payments to ASPRO is ambiguous.  On one hand, Luttrell conceded that MLE withheld $22,532.85 from ASPRO because the company failed to

---

[2] The change order was only signed by MLE's owner, Mary Luttrell, and explicitly stated that it was not valid until signed by both parties.  It is undisputed that Vanguard never signed the change order.

2

complete certain work on the project. (*See id.* at pp. 61:8-62:20; Letter of Nov. 10, 2009, DN 60-4.) Vanguard claims that MLE cannot recover for any non-payment to ASPRO. On the other hand, evidence exists that MLE paid at least some portion of the amount intended for ASPRO to other subcontractors to complete ASPRO's work. Because Luttrell did not explicitly concede that MLE is not seeking to recover the amount necessary to complete ASPRO's work, the Court includes that full amount in the damage calculation, even though it may overestimate damages. Doing so resolves this ambiguity in favor of MLE, as is required of the Court when faced with a motion for summary judgment, but has no effect on the ultimate outcome of this action. Accordingly, evidence produced during discovery reveals that MLE's claim for work performed outside of and in addition to the subcontract is, at most, $96,115.35, not $187.794.37 as alleged in the complaint.

### 2.

Second, discovery also revealed that MLE's claim for retainage is less than alleged. MLE's subcontract with Vanguard was for $1,350,342.85.[3] Luttrell admitted in her deposition that Vanguard paid MLE a total of $1,209,829.54 on the subcontract. (*See* Luttrell Dep., DN 59, pp. 27:16-31:2.) This leaves only $140,513.31 unpaid on the subcontract, not $156,996.07 as alleged in the complaint. Adjusting MLE's damages in light of evidence revealed in discovery, MLE seeks $140,513.31 in unpaid retainage on the subcontract and $96,115.35 for work performed outside of an in addition to the subcontract, for total damages of $236,628.66.

### 3.

Third, the evidence produced in discovery revealed that Vanguard made "off contract" payments to MLE in the amount of $251,791.00 and that MLE never credited Vanguard for those

---

[3] This amount represents the total of MLE's original subcontract with Vanguard and two additive change orders that are not subject to dispute.

3

payments.  In answer to the complaint, Vanguard asserted that MLE did not credit Vanguard for these "off contract" payments and that MLE wrongly charged Vanguard for work MLE did not perform and for materials it did not deliver.  (Am. Answer, DN 42, pp. 2, 3.)  Accordingly, Vanguard seeks offset of these amounts, or, in the alternative, counterclaims to recover the non-credited payments.

The nature and origin of the "off contract" payments from Vanguard to MLE is unclear from the record.  Vanguard allegedly routed these payments from other projects to MLE's subcontract on the Fort Sill project in an attempt to prevent MLE from losing money on the project because of a bad bid.  The exact origin of the payments is inconsequential, however, because Luttrell admitted in her deposition that MLE did not but should have applied the "off contract" payments to the MLE's work on the project.

> Q: [Vanguard]: You don't have any disputes that the remaining $251,791 was retained by MLE, correct?
>
> A: [Luttrell]: Correct.
>
> Q: And you also agree that that money was intended to be applied toward costs associated with Fort Sill, correct?
>
> A: Yes.  That is correct.
>
> . . . .
>
> Q: And I think you mentioned earlier, you don't have any dispute that the 251,000 off the Fort Campbell and Puerto Rico money, that that should be credited now towards the Fort Sill costs.  We can agree on that, right?
>
> A: Right.

(Luttrell Dep., DN 59, pp. 27:9-15, 31:10-15.)  Luttrell's testimony clearly demonstrates that Vanguard paid MLE $251,791.00 in "off contract" payments.  Furthermore, Luttrell admits that MLE did not but should have applied those payments to costs and expenses it billed to Vanguard

4

for the project.

Based on the foregoing evidence, Vanguard now moves for summary judgment on grounds that MLE has suffered no loss. As corrected for the evidence produced during discovery, MLE seeks $236,628.66 in retainage and uncompensated extra work. Mary Luttrell, MLE's owner, now admits that the company received but did not credit Vanguard for $251,791.00 in "off contract" payments that should have been applied to the unpaid balance of MLE's work at Fort Sill.

## II.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will

not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

While the substantive law of Kentucky is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity applies the standards of Federal Rule of Civil Procedure 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993) (abrogated on other grounds in *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010)).

### III.

Based on the facts recounted above, the Court finds that Vanguard is entitled to summary judgment because the evidence conclusively shows that MLE has not sustained a loss in this action. Because there is no genuine dispute on the issue of MLE's damages, Vanguard's motion must be granted.

As alleged in the complaint, MLE originally sought damages for unpaid retainage and uncompensated work in the combined amount of $344,790.41. Resolving all evidentiary ambiguities in MLE's favor, discovery revealed that MLE's damages for unpaid retainage and uncompensated work were, at most, $236,628.66. Against these damages, MLE now admits that it received $251,791.00 in "off contract" payments from Vanguard and that those payments were not but should have been credited to Vanguard for the Fort Sill project. Doing so demonstrates that Vanguard *overpaid* MLE by, at minimum, $15,162.34. Accordingly, the evidence before the Court conclusively establishes that MLE has not suffered any loss in this action. Therefore, summary judgment is appropriate.

The Court must also consider one argument that might preclude the grant of summary judgment. MLE originally asserted that Vanguard received consideration in exchange for the "off contract" payments in the form of additional work and materials list in an "Exhibit A" to MLE's answer to Vanguard's counterclaim. (*See* Exhibit A to Answer to Counterclaim, DN 45-1.) None of the work or materials listed in Exhibit A includes the extra, uncompensated work performed by MLE's subcontractors, MDC Drywall and ASPRO, as discussed above. It must be noted, however, that MLE has been unable to produce a change order or other written contract between Vanguard and MLE for the work and materials listed in Exhibit A. Therefore, MLE essentially claimed that it entered into an oral modification of the subcontract with Vanguard whereby Vanguard paid MLE the "off contract" payments in exchange for the work and materials listed in Exhibit A. If true, then MLE's claim for the extra, uncompensated work performed by its subcontractors might remain viable.

MLE's arguments in support of oral modification are without merit for two reasons. First, MLE has abandoned this argument. MLE attached Exhibit A to its answer to Vanguard's counterclaim. In response to the motion for summary judgment, however, the work and materials listed in Exhibit A are not mentioned or relied upon by MLE as a basis for denying the motion. In fact, MLE makes no attempt in its response brief to link Exhibit A and Vanguard's "off contract" payments. Second, and perhaps the reason for MLE's abandonment, MLE has failed to produce any documents or witnesses to support its oral modification argument by clear and convincing evidence. In Kentucky law, "a written contract can be modified or abandoned by a subsequent oral agreement." *Dalton v. Mullins*, 293 S.W.2d 470, 475 (Ky. 1956). But, proof of oral modification must be "clear and convincing." *Id.* "This does not mean that it must be established beyond a reasonable doubt, but that the evidence must not be vague, ambiguous, or

contradictory, and must come from a credible source." *Wehr Constructors, Inc. v. Steel Fabricators, Inc.*, 769 S.W.2d 51, 54 (Ky. Ct. App. 1988). In the present case, MLE has not produced evidence tending to show that Vanguard made "off contract" payments in exchange for the work and materials listed in MLE's Exhibit A. Accordingly, MLE cannot meet the clear and convincing standard necessary to prove oral modification.

At the end of the analysis, two clear points justify summary judgment in favor of Vanguard. First, MLE has suffered no loss. Mary Luttrell, MLE's president, testified that Vanguard's "off contract" payments were not but should have been applied to the work that MLE performed on the Fort Sill project. Those payments, totaling $251,791.00, exceed the damages that MLE allegedly suffered, revealed in discover to total $236,628.66. The "off contract" payments and MLE's damages offset so that MLE has suffered no loss in this action. Second, MLE has failed to produce clear and convincing evidence that the parties entered into an oral modification of the subcontract. Absent clear and convincing proof to the contrary, there is no genuine dispute that the parties orally modified.

Upon review of the record as a whole and in light of the parties' arguments, the Court finds that there are no genuine disputes and that Vanguard is entitled to summary judgment.

## CONCLUSION

Defendant Vanguard Contractors, LLC moved for summary judgment on all claims asserted by Plaintiff MLE Enterprises, Inc. For all of the forgoing reasons, Vanguard's motion is **GRANTED**.

Vanguard's counterclaim to recover the "off contract" payments was asserted alternatively in the event that those payments were not used to offset MLE's alleged damages. Because the "off contract payments" offset MLE's damages, Vanguard's counterclaim is

**DISMISSED AS MOOT**.

      An appropriate order and judgment shall issue separately from this memorandum opinion.